IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. 2:18-CR-4-KS-MTP

**ASA JEFFERSON SANFORD, JR.**

### ORDER

On August 9, 2018, Defendant pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). On November 20, 2018, the Court sentenced him to 120 months of imprisonment followed by three years of supervised release on one count, and 20 months of imprisonment on the other count, with the sentences to run concurrently. On October 27, 2021, Defendant filed a Motion for Compassionate Release [35] pursuant to 18 U.S.C. § 3582(c)(1)(A) because of the COVID-19 pandemic, although he is not due to be released until April 10, 2029.[1]

First, to the extent Defendant seeks it, the Court does not have the authority to order home confinement. *See United States v. Sherrill*, 2021 WL 214684, at *3 (S.D. Miss. Jan. 21, 2021) (citing 18 U.S.C. § 3621(b); *United States v. Dysart*, 66 F. App'x 526, 2003 WL 21018298, at *1 (5th Cir. 2003)).

As for a reduction of Defendant's sentence, 18 U.S.C. § 3582 permits the Court

---

[1] Defendant also filed a Motion to Supplement [41] his Motion for Compassionate Release [35] with additional medical records. The Court **grants** the Motion to Supplement [41], and it will consider the additional medical records.

to reduce a term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction . . . ." 18 U.S.C. § 3582(c)(1)(A). Among other things, Section 3553(a) provides that the Court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Court must also consider "the need for the sentence" to "reflect the seriousness of the offense;" "to promote respect for the law;" "to provide just punishment for the offense;" "to afford adequate deterrence to criminal conduct;" "to protect the public from further crimes of the defendant;" and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). Defendant has the burden of demonstrating that he meets the requirements for compassionate release. *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014); *United States v. Whirl*, 2020 WL 3883656, at *1 (S.D. Miss. July 9, 2020).

"Although not dispositive, the commentary to the United States Sentencing Guidelines . . . informs" the Court's "analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).[2] The Guidelines provide, in relevant part, that the Court may reduce a term of imprisonment, after considering the factors

---

[2] *But see United States v. Shkambi*, --- F.3d ---, 2021 WL 1291609, at *4 (5th Cir. Apr. 7, 2021) (holding that neither the sentencing commission's policy statement nor its commentary are binding on the district court's disposition of an inmate's own motion under § 3582).

set forth in 18 U.S.C. § 3553(a), if (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13. "The comments to the U.S.S.G. provide four 'extraordinary and compelling reasons' that may justify reducing a prison term: (1) medical conditions, (2) age, (3) family circumstances, and (4) '[o]ther [r]easons.'" *Thompson*, 984 F.3d at 433 (quoting U.S.S.G. § 1B1.13 cmt. n.1(A)-(D) (2018)). "[T]he comments describe the circumstances in which a "medical condition" might be sufficiently serious to warrant release. That is limited to two circumstances: where the defendant has either a terminal illness or a condition 'that substantially diminishes the ability of the defendant to provide self care . . . .' *Id.* (citing U.S.S.G. § 1B1.13 cmt. n.1(A)).[3]

Defendant argues that he should be granted compassionate release because prison creates an optimal environment for transmission of COVID-19, and that he is unable to avoid exposure to it. He contends that his age and health conditions put him at substantial risk of illness or death. Specifically, he alleges that he suffers from lung cancer, and that he has been given only six months to live if he does not receive treatment. He also alleges that he suffers from heart failure, COPD, ischemic cardiomyopathy, esophageal reflux, enlarged prostate, a cough, and chest pains, and that he has had a coronary angioplasty. Defendant also notes that he has undertaken

---

[3] The Fifth Circuit has declined to weigh in as to whether the catch-all "other reasons" provision "delegates only to the Bureau of Prisons." *Id.* at 433 n. 4.

3

numerous steps to rehabilitate himself since he was incarcerated, including numerous educational courses. Finally, he argues that his conduct during incarceration demonstrates that he would not present a risk to the community or anyone else if released, and that his medical condition would prevent him from endangering anyone. If released, he intends to live with his wife in Sumrall, Mississippi, and receive whatever care is available for his late-stage lung cancer.

Defendant's medical records provide that on October 13, 2021, a "chest mass" was diagnosed as "probably lung cancer" and "lymphoma." Exhibit 4 [35-4], at 3. The medical provider described the cancer as "aggressive," and noted that it had "rapidly eroded through . . . main bronchus." *Id.* The initial prognosis was "much less than 18 months based on aggressiveness of tumor to date." *Id.* A subsequent biopsy confirmed the presence of "small cell carcinoma." Supplemental Exhibit [41-1], at 4.

The Government opposes Defendant's motion. First, it notes that 1,142 staff members and 3,072 out of 3,389 inmates (91%) at FMC Butler, Defendant's facility, have been fully vaccinated. Moreover, Defendant has been fully vaccinated, having received doses of the Pfizer COVID-19 vaccine on January 13, 2021, and February 3, 2021.

There is no consensus within the federal courts as to the precise definition of an "extraordinary and compelling reason" as contemplated by § 3582(c)(1)(A).

> To be sure, courts around the country, in some exceptional cases, have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID. Even where they have denied release, some courts have assumed that

4

> the pandemic, combined with underlying conditions, might be an extraordinary and compelling reason for compassionate release. But that is certainly not a unanimous approach to every high-risk inmate with preexisting conditions seeking compassionate release.

*Thompson*, 984 F.3d at 434 (citations omitted). For example, this Court has repeatedly held that the risk posed by the COVID-19 pandemic, even when exacerbated by preexisting medical conditions, does not by itself constitute an "extraordinary and compelling" reason to reduce a sentence. *See, e.g. United States v. McAfee*, 2012 WL 1341865 (S.D. Miss. Apr. 9, 2021). Other courts in this Circuit have held the same. *See United States v. Griffin*, 2021 WL 1267794, at *2 (E.D. La. Apr. 6, 2021); *United States v. Alvarez*, 2021 WL 1270494, at *3-*4 (S.D. Tex. Apr. 6, 2021); *United States v. Gardner*, 2021 WL 1110298, at *3 (S.D. Miss. Mar. 23, 2021); *United States v. Richard*, 2021 WL 107207, at *2 (S.D. Miss. Jan. 12, 2021); *United States v. Jensen*, 2020 WL 6504670, at *3 (N.D. Tex. Nov. 5, 2020); *United States v. Takewell*, 2020 WL 4043060, at *3 (W.D. La. July 17, 2020); *United States v. Gildner*, 2020 WL 4033003, at *1 (E.D. Tex. July 14, 2020).

In short, a defendant's "general concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence . . . ." *Takewell*, 2020 WL 404360 at *4; *see also Thompson*, 984 F.3d at 435. "[T]he mere existence of COVID-19 in society" and, consequently, the prison system "cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020); *see also United*

5

*States v. Brunt*, --- F. App'x ---, 2021 WL 1158154, at *1 (7th Cir. Mar. 26, 2021); *United States v. Fleming*, 2021 WL 1165755, at *1 (N.D. Ohio Mar. 26, 2021). Therefore, COVID-19 does not present an extraordinary and compelling reason for reducing Defendant's sentence, even with his aggravating medical conditions, given his fully vaccinated status.

The Court also finds that a reduction in sentence would not reflect the serious nature of Defendant's crime, provide a just punishment, or deter similar conduct in the future. *See* 18 U.S.C. § 3553(a)(2). As noted above, Defendant is not scheduled for release until April 2029, and he has served less than half of his sentence.

The Court also finds that Defendant has not sufficiently demonstrated that he would not be a danger to the community or any other person if released. Although Defendant was only convicted on the instant firearm charges, his Presentence Investigation Report describes other relevant criminal conduct. Upon arrest, officers found several bags of white powder, some crystal rock-like substance, needles, a digital scale, $4,455.00 in cash, and narcotics pills. The three handguns found were all stolen. Based on these events, Defendant was charged in a nine-count indictment in state court as a habitual offender. In later searches of Defendant's home, agents found thirty-three guns, a substantial quantity of ammunition, drug paraphernalia, a silencer, and body armor. Defendant admitted that he obtained many of the firearms in exchange for drugs, and that he sometimes accepted firearms into pawn from people who needed money.

6

In summary, the Court certainly takes the COVID-19 pandemic seriously, but it "cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." *United States v. Koons*, 2020 WL 1940570, at *4 (W.D. La. Apr. 21, 2020). The Courts that have granted compassionate release because of the pandemic "largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe health concerns." *Thompson*, 984 F.3d at 434-35. "Fear of COVID doesn't automatically entitle a prisoner to release." *Id.*; *see also Koons*, 2020 WL 1940570 at *5.

Even if the Court agreed that Defendant's lung cancer constituted an "extraordinary and compelling reason" to grant a sentence reduction, 18 U.S.C. § 3582(c)(1)(A), the Court finds that Defendant has not sufficiently demonstrated that he would not constitute a danger to the community if released. Moreover, Defendant has provided only sketchy information regarding his cancer prognosis. The record contains no information regarding his treatment options, and while he says in briefing he has less than six months to live, the medical records are less specific. Before a biopsy was even performed, a medical provider said he had less than 18 months, based on nothing but a chest x-ray. The record does not contain a more recent prognosis after the biopsy.

For all these reasons, the Court **denies** Defendant's Motion for Compassionate Release [35] **without prejudice**.

SO ORDERED AND ADJUDGED this 30th day of November, 2021.

    /s/    Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE